IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **SET SHAHBABIAN, M.D.,** | : | Case No. 1:18-cv-00790 |
| | : | |
| **Plaintiff,** | : | |
| | : | Judge Dlott |
| v. | : | Magistrate Judge Bowman |
| | : | |
| **TRIHEALTH G, LLC,** *et al*. | : | |
| | : | |
| **Defendants.** | : | |

**OPPOSITION OF THIRD-PARTY SUBPOENA RECIPIENTS NAVIGANT CONSULTING, INC. AND SULLIVAN, COTTER & ASSOCIATES, INC. TO PLAINTIFF, SET SHAHBABIAN, M.D.'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

**and, in the alternative,**

**MOTION TO MODIFY SUBPOENAS**

I.  **INTRODUCTION**

In August and September, respectively, Plaintiff, Set Shahbabian, M.D., issued subpoenas to third-parties Navigant Consulting, Inc. ("Navigant") and Sullivan, Cotter & Associates, Inc. ("SullivanCotter") seeking a broad swath of documents related to defendant TriHealth, Inc. and "any of its subsidiaries or affiliates." (Doc. #40-1, PAGEID # 385 and Doc. #76-1, PAGEID #512.) In particular, Dr. Shahbabian seeks documents related to fair-market-value assessments that TriHealth's outside counsel Catherine T. Dunlay, now with Bricker & Eckler LLP, engaged Navigant and SullivanCotter to assist with. Dr. Shahbabian has since moved to compel Navigant and Sullivan to produce documents responsive to the subpoenas. (Doc. #79.) TriHealth later filed a motion to quash these subpoenas because they seek documents and communications protected by attorney-client privilege (Doc. #80). TriHealth filed its Reply in support of its Motion to Quash

14405530v1

on October 24 (Doc. #86). Dr. Shahbabian recently filed his Response in Opposition re Motion to Quash Third-Party Subpoenas to Navigant Consulting, Inc. and Sullivan, Cotter & Associates, Inc. (Doc. #82.)

Navigant and SullivanCotter also allege that the documents and communications in their possession are shielded by the attorney-client privilege. Navigant and SullivanCotter are consultancies that provide fair-market-value analyses in the healthcare sector.[1] Those fair-market-value analyses allow employers at hospital systems like TriHealth to comply with laws that include the Stark Act and the Anti-Kickback law. To comply with those laws, hospital systems must pay their physician-employees fair market value.

The fair-market-value analyses that Navigant and SullivanCotter prepared do not—on their own—amount to legal advice; the consultants are not lawyers, and no party claims that TriHealth retained the consultancies to provide legal counsel. Nevertheless, the attorney-client privilege protects the documents, communication, and information that Plaintiff seeks. That's because Ms. Dunlay, now a Bricker & Eckler attorney, engaged Navigant to aid her in providing legal advice to TriHealth—specifically, to ensure compliance with the Stark Act and the Anti-Kickback law by compensating doctors like Dr. Shahbabian at fair market value.

Navigant and SullivanCotter's underlying data and data-analysis methods related to fair-market-value analyses are also protected trade secrets. The trade secrets constitute information that is not generally known or readily ascertainable to the public. Moreover, Navigant and

---

[1] Navigant actually provided the fair-market-value analyses at issue in this case, but a group of Navigant employees later joined SullivanCotter and, consistent with Bricker & Eckler LLP's authorization and an agreement between the departing consultants and Navigant, took some documents and communications with them to SullivanCotter.

SullivanCotter have developed these trade secrets by expending considerable resources, time and effort over a period of years.

Having created these trade secrets, the consultancies take reasonable steps to prevent the dissemination of their data and methods. For instance, under written agreements, Navigant and SullivanCotter personnel are required to keep such information confidential during and after their employment. The consultancies also limit by contract their clients' ability to disseminate the consultancies' data and information, and require their clients to maintain the confidentiality of information that the consultancies provide.

Because TriHealth's outside counsel engaged then-Navigant and now-SullivanCotter consultants for the purposes of assisting them in providing legal-compliance advice to TriHealth, and because the underlying data and methods constitute trade secrets, this Court should deny the motion to compel or, at the very least, substantially circumscribe the information Navigant and SullivanCotter must relinquish. And to the extent that the Court might require disclosure of the underlying data or data-analysis methods, it should require or at least allow the parties to enter into a reasonable protection order before production.

## II. LAW AND ARGUMENT

### A. The attorney-client privilege extends to a lawyer's agents who are assisting in rendering legal advice to the client.

The attorney-client privilege protects both the giving of legal advice and "the giving of information to the lawyer to enable" her to give well-informed advice. *Upjohn Co. v. United States*, 449 U.S. 383, 390 (1981). The privilege extends not only to attorneys but also to "agents of an attorney who are assisting in rendering legal advice to the client." *In re Behr Dayton Thermal Products, LLC*, 298 F.R.D. 369, 373 (S.D. Ohio 2013) (citing *Upjohn* at 394–95). And *Behr* is no aberration. For instance, this District has observed that the "attorney-client privilege

3

extends to memoranda and working papers prepared by an accountant *or consultant* whose services are necessary in order for the attorney to provide legal advice to the client." *Lewis Environmental, Inc. v. Emergency Response & Training Solutions, Inc.*, S.D. Ohio No. 1:17-cv-674, 2019 WL 285641, *2 (S.D. Ohio Jan. 22, 2019) (citing *Williamson v. Recovery Ltd. P'ship*, 2:06-cv-292, 2016 WL 4920773, *2 (S.D. Ohio Sept. 15, 2016) (emphasis added). There is thus no doubt that Navigant and SullivanCotter's communications, memoranda, and working papers can be protected by attorney-client privilege.

Determining whether the privilege applies in a given scenario requires trial courts in the Sixth Circuit to apply a multipart test:

> (1) Where legal advice of any kind is sought (2) from a professional legal advisor in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal advisor, (8) unless the protection is waived.

*Reed v. Baxter*, 134 F.3d 351, 355–56 (6th Cir.1998) (citing *Fausek v. White*, 965 F.2d 126, 129 (6th Cir.1992)).

To establish that the privilege applies to a nonlawyer's document or communication, the party asserting the privilege must prove that the "dominant intent" was "to get legal advice from the lawyer." *In re Behr*, 298 F.R.D. at 375 (quoting *Comtide Holdings, LLC v. Booth Creek Mgmt. Corp.*, No. 2:07-cv-1190, 2010 WL 5014483, at *2–3 (S.D.Ohio Dec. 3, 2010)). To be sure, courts narrowly construe the privilege, and the party asserting it bears the burden of proving that it applies. *In re Grand Jury Investigation No. 83-2-35*, 723 F.2d 447, 450–51 (6th Cir. 1983). The privilege applies here.

4

## B. The attorney-client privilege applies to documents and communications held by Navigant and SullivanCotter.

The declaration that TriHealth filed in support of its motion to quash the subpoenas establishes that the attorney-client privilege shrouds Navigant and SullivanCotter's documents and communications. (Doc. #80-2.) TriHealth engaged outside counsel, who engaged consultants then at Navigant and now at SullivanCotter to provide information and reports that would aid counsel in providing compliance advice related to the Stark Act and the Anti-Kickback law. Navigant and SullivanCotter's memoranda and working papers thus fall under the attorney-client privilege.

To support their claim that attorney-client privilege shrouds their memoranda and working papers, Navigant and SullivanCotter point to and incorporate the Declaration of Catherine T. Dunlay, a partner at Bricker & Eckler. (Doc. #80-2, PAGEID #611.)  Ms. Dunlay represents TriHealth in healthcare transactions and regulatory-compliance matters. (*Id.*) TriHealth engaged her to advise it on a "Neurosurgical, Neurovascular, and Spine Services Agreement that TriHealth and Mayfield Clinic were negotiating." (*Id.*) TriHealth separately retained Ms. Dunlay to advise it on a review of physician compensation for its TriHealth Orthopedic & Sports Institute. (*Id.*) Dr. Shahbabian was included in this review. (*Id.*)

Related to the Mayfield Agreement, Ms. Dunlay provided, among other counsel, professional advice about that Agreement's *compliance* with fair-market-value requirements. (*Id.* at PAGEID #612.) Ms. Dunlay also provided professional advice on the physician-compensation review related to *compliance* with fair-market-value requirements. (*Id.*) Ms. Dunlay retained Navigant to provide data and data analysis that allowed her to provide legal advice to TriHealth related to the Mayfield Agreement's fair market value. (*Id.*) She also engaged Navigant to provide data and data analysis that allowed her to provide legal advice to TriHealth related to the physician-compensation review for the TriHealth Orthopedic & Sports Institute. (*Id.*) Both engagements

5

14405530v1

between Navigant and Ms. Dunlay were "for the sole purpose of providing legal advice to TriHealth" regarding fair-market-value compliance. (*Id.* at PAGEID #612–13.)

In 2018, the Navigant associates that Ms. Dunlay retained related to the Mayfield agreement left Navigant and joined SullivanCotter. (*Id.* at PAGEDID #612.) Ms. Dunlay then engaged SullivanCotter to provide data and data analysis that allowed her to provide legal advice to TriHealth related to fair-market-value compliance for the Mayfield Agreement and the physician-compensation review for the TriHealth Orthopedic & Sports Institute. (Dunlay Declaration, Doc. #80-2, PAGEID #613.) Like her engagements with Navigant, all of Ms. Dunlay's engagements with SullivanCotter were "for the sole purpose of providing legal advice to TriHealth" regarding fair-market-value compliance. (*Id.*)

In the Stark Act and Anti-Kickback law context, fair-market-value determinations are fraught with legal significance. Navigant and SullivanCotter assisted in something much more than a mere business decision. Ms. Dunlay's Declaration establishes the requisite elements for protection by the attorney-client privilege. *Reed*, 134 F.3d at 355 (citing *Fausek*, 965 F.2d at 129). Navigant and SullivanCotter were thus agents "assisting in rendering legal advice to the client." *In re Behr*, 298 F.R.D. at 373 (citing *Upjohn*, 449 U.S. at 394–95). Plus, her declaration that her communications with Navigant and SullivanCotter were "for the sole purpose of providing legal advice to TriHealth" satisfies the requirement that the communications' "dominant intent" was for purposes of providing legal advice to TriHealth. *Id.* at 375 (quoting *Comtide Holdings, LLC v. Booth Creek Mgmt. Corp.*, No. 2:07-cv-1190, 2010 WL 5014483, at *2–3). In short, Navigant and SullivanCotter's communications, memoranda, and working papers are protected by the attorney-client privilege.

### C. To the extent that the Court would order Navigant and SullivanCotter to turn over any underlying data, they move the Court to modify the subpoena to exclude any data produced by TriHealth under the Court's October 8 Order.

Navigant and SullivanCotter are aware of this Court's October 8 Memorandum Opinion and Order. (Doc. #78.) They are also aware of TriHealth's motion to quash the subpoenas to Navigant and SullivanCotter. (Doc. #80.) To the extent that the Court would order Navigant and SullivanCotter to turn over any factual valuation consulting data and correspondence concerning fair-market-value determinations, they move the Court to modify the subpoena to exclude data produced by TriHealth under that Order. They do not concede that their correspondence concerning fair-market-value determinations fall outside the attorney-client privilege. But they recognize that the Court ruled that the "[u]nderlying factual valuation consulting data and correspondence concerning FMV determinations from Navigant and/or Chartis are not subject to the attorney-client privilege and should be disclosed assuming they are both relevant and responsive to Plaintiff's requests." (*Id.*, PAGEID #529.) Should the Court reach the same conclusion here regarding SullivanCotter, Navigant and SullivanCotter move the Court to avoid undue burden to them as nonparties to this dispute by limiting their production to nonduplicative materials.

Under Fed. R. Civ. P. 45(d)(3)(A)(4), the Court has the power to modify a subpoena to avoid undue subjecting Navigant and SullivanCotter to undue burden. Navigant and SullivanCotter did nothing to bring themselves into the parties' dispute here. Plus, the Court has already ordered that TriHealth produce information from Navigant. To avoid undue burden on these nonparties, the Court should limit any production orders to underlying factual valuation consulting data and correspondence concerning fair-market-value determinations not already produced by TriHealth in response to the Court's October 8 Memorandum and Order.

The possibility of turning over the underlying data and methods of analyses, however, raises another issue. This data and the methods of analyses constitute Navigant and SullivanCotter's trade secrets. Navigant and SullivanCotter have gathered this proprietary information through years of hard work and expense. The data supporting fair-market-value analyses is not generally known or readily ascertainable to the public. Ohio Rev. Code § 1333.61(D)(1); *State ex rel. The Plain Dealer v. Ohio Dept. of Ins.*, 80 Ohio St.3d 513, 528, 687 N.E.2d 661 (1997). Navigant and SullivanCotter also take measures to prevent its disclosure to anyone but its clients. Ohio Rev. Code § 1333.61(D)(2); *State ex rel. Lucas Cty. Bd. of Comm'rs. v. Ohio Environmental Protection Agency*, 88 Ohio St.3d 166, 173, 724 N.E.2d 411 (2000). Those measures include copyright protection and the terms of Master Services Agreements and Statements of Work that preclude the disclosure of proprietary information. SullivanCotter and Navigant further protect their trade secrets with Non-disclosure Agreements, licensing agreements, and other legal devices. Should the Court order Navigant or SullivanCotter to turn over underlying data or methods, a protective order must be put in place to protect these valuable trade secrets.

## III. CONCLUSION

Because the documents and communications that Dr. Shahbabian seeks were created by agents engaged by TriHealth's counsel to aid her in providing legal advice related to Stark Act and Anti-Kickback law compliance, they are shrouded by the attorney-client privilege. The Court should therefore deny the motion to compel. But if the Court is inclined to rule consistent with its October 8 Memorandum Opinion and Order, it should grant Navigant and SullivanCotter's motion to modify the subpoenas and order only the production of underlying factual valuation and consulting data and correspondence concerning fair-market-value determinations not already produced by TriHealth in response to that Memorandum Opinion and Order. And should the Court

order the production of Navigant or SullivanCotter's trade secrets, a protective order must be put in place to protect that information.

Respectfully submitted,

*/s/ Jonathan T. Brollier*
Jonathan T. Brollier (0081172)
Bryan M. Smeenk (0082393)
BRICKER & ECKLER LLP
100 South Third Street
Columbus, Ohio 43215-4291
Phone: (614) 227-2300
Fax: (614) 227-2390

*Counsel for Third-Party Subpoena Recipients Navigant Consultants, Inc. and Sullivan, Cotter & Associates, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of October, 2019, I electronically filed this document with the Clerk of Court using the CM/ECF system, which sent Notice of this filing to all registered counsel and parties by operation of the Court's electronic filing system.

*/s/ Jonathan T. Brollier*
Jonathan T. Brollier (0081172)
