**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

SET SHAHBABIAN, M.D.,                                    Case No. 1:18-cv-790

    Plaintiff,                                              Dlott, J.
                                             Bowman, M.J.

        v.

TRIHEALTH, INC., et al.,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

Plaintiff Set Shahbabian, M.D., filed an employment discrimination suit against Defendants TriHealth, Inc., Trihealth G, LLC doing business as TriHealth Physician Partners (jointly referenced as "TriHealth"), and Mayfield Clinic, Inc. ("Mayfield"). The case has been referred to the undersigned magistrate judge for ruling on all non-dispositive motions, and for a report and recommendation on any dispositive matters. (Doc. 3). Fact discovery was to have been completed on December 2, 2019, and dispositive motions are to be filed on January 10, 2020.

**Background of Discovery Disputes**

Discovery has been exceptionally contentious, with the undersigned having conducted multiple informal discovery conferences, and both parties having filing multiple formal motions. On December 2, the undersigned filed a Memorandum Opinion and Order that ruled upon three discovery motions: (1) Mayfield's motion to quash and for a protective order; (2) Plaintiff's Motion to Compel discovery from Navigant and from Sullivan Cotter & Associates; and (3) TriHealth's motion to quash the third-party

1

subpoenas served upon Navigant and Sullivan Cotter & Associates. The Order also briefly noted that two motions to compel have been filed by Plaintiff against TriHealth's law firm and attorney but were not yet ripe.[1] (Docs. 92, 96).

On December 1 and December 2, the parties filed two more discovery motions concerning Plaintiff's attempt to depose one or more TriHealth witnesses, pursuant to Fed. R. Civ. P. 30(b)(6), on the last day of discovery.[2] Plaintiff's motion seeks to compel TriHealth to produce one or more witnesses and seeks sanctions as a "deterrent to preclude TriHealth from continuing its bad faith conduct." (Doc. 97 at 9).[3] Plaintiff also seeks "an expedited briefing schedule so that the TriHealth corporate deposition can be completed in sufficient time to allow it use as part of [Plaintiff's] defense to the anticipated motion for summary judgment TriHealth will undoubtedly file on or before January 10, 2020." (Doc. 97 at 1).

TriHealth's counter-motion seeks a protective order to prevent Plaintiff from taking *any* Rule 30(b)(6) deposition(s). TriHealth contends that the "forty-two separate topics and subtopics, many of which contain further multiple subsets of topics or areas of inquiry" are not stated with reasonable particularity, are overly broad, exceed the scope of this lawsuit, are unreasonably cumulative and duplicative, and appear to be "inappropriate, unnecessary, and harassing." (Doc. 99 at 2).

---

[1] The December 2, 2019 Order included a footnote that references Plaintiff's issuance of subpoenas to TriHealth's law firm and attorney seeking virtually the same information compelled by the Order, remarking that the issuance of such subpoenas is "highly unusual." Responses on the referenced motions are due on December 5 and December 18, respectively, with any reply memoranda to be filed by Plaintiff approximately two weeks later.

[2] The deposition appears to have been noticed on November 8, 2019.

[3] Plaintiff accuses TriHealth of a multitude of serious offenses, including unilaterally canceling the Rule 30(b)(6) deposition without "any plausible excuse" (and with no prior notice that any objection would be forthcoming) just one business day before the scheduled deposition was to begin. (Doc. 97 at 2-3; *see also id.* at 2, stating: "TriHealth has disregarded the Federal Rules of Civil Procedure, violated this Court's orders, presented witnesses who lied under oath, and generally conducted this litigation in bad faith.").

In addition to the counter-motions concerning the Rule 30(b)(6) deposition(s), immediately after receiving the Court's December 2 Order, Plaintiff filed a new motion formally seeking an extension of the discovery deadline until January 3 "for items that remain outstanding" from Defendants. (Doc. 100). Plaintiff seeks the extension of discovery (but not of the dispositive motion deadline) based on his prediction that the Court will rule in his favor on future motions, as well as his assertion that follow-up discovery may be required concerning the discovery already compelled by the December 2 Order. Plaintiff wants permission to seek new FMV-related discovery concerning the 2014 Co-Management Agreement, based upon a September 18, 2019 letter from TriHealth's counsel and the November 7, 2019 deposition of Dr. John Robinson that allude to the possibility of additional FMV documents. Plaintiff states that some depositions are still being transcribed and may be needed to support future motions to compel. Last, Plaintiff states he has not yet fully reviewed TriHealth's responses to his fourth set of document requests served on November 1, 2019, which responses also may be subject to a future motion to compel.

After the December 2 Order was docketed, TriHealth also filed a new motion to compel. (Doc. 101). In that motion, TriHealth seeks to compel numerous documents including medical records, documents relating to Plaintiff's assets, financial situation and income before and after becoming an employee of TriHealth, and documents as to which Plaintiff did not object to production but has yet to produce. TriHealth's motion also seeks to compel responses to three key interrogatories.

The parties' responses to the latest discovery-related motions would be due on December 23, 2019, with any reply memoranda due on or about January 6, 2020. The

referenced timing has the potential to disrupt briefing on dispositive motions, although this supposition is premised on multiple hypotheses relating to anticipated rulings on the pending discovery motions.

As an alternative to expediting briefing on the pending motions, the Court will extend the dispositive motion deadline. No trial date has been scheduled. An extension of the dispositive motion deadline serves the interests of the public and of this Court in a way that expedited briefing does not. If the Court were to expedite briefing on Plaintiff's Rule 30(b)(6) motion, the Court either would have to coordinate expedited briefing on other pending discovery motions or rule in a piecemeal fashion as the various motions become ripe. In addition, expedited briefing is unlikely to have much impact due to Court closures over the upcoming holidays, and numerous other civil and criminal matters that demand the Court's attention at this time.

As the Court was drafting this Order, both TriHealth and Mayfield filed responses in which they concur with Plaintiff's request to extend the discovery deadline.[4] Although the existing deadline does not prevent this Court from ruling on all motions that relate to discovery requests served prior to that deadline, an extension of discovery is consistent with the extension of the dispositive motion deadline. With that said, at some point, discovery must end. The undersigned has compelled much of the FMV-related discovery that Plaintiff has sought in this case based upon the broad scope of discovery and established (albeit limited) relevance of the documents sought, but there are limits to the scope of discovery. Plaintiff is rapidly approaching those limits if he has not already reached them.

---

[4] The undersigned finds no need to await Plaintiff's reply on the motion to extend discovery.

**Conclusion and Order**

Accordingly**, IT IS ORDERED**:

1. Plaintiff's request for expedited briefing on his motion to compel TriHealth to produce one or more Rule 30(b)(6) witnesses (Doc. 97) is **DENIED**;

2. The discovery deadline is hereby **EXTENDED** until January 17, 2020;

3. The dispositive motion deadline is hereby **EXTENDED** until February 28, 2020 in order to allow adequate time for resolution of the pending discovery motions.


        *s/ Stephanie K. Bowman*
       Stephanie K. Bowman
       United States Magistrate Judge