IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| SET SHAHBABIAN, M.D., | : | Case No. 1:18-cv-790 |
| Plaintiff, | : | Judge Matthew W. McFarland |
| v. | : | |
| TRIHEALTH G LLC, et al. | : | |
| Defendants. | : | |

**ORDER GRANTING MOTION TO STRIKE PLAINTIFF'S DEPOSITION
TRANSCRIPT ERRATA SHEET (Doc. 132)**

This matter is before the Court on the Motion to Strike Plaintiff's Deposition Transcript Errata Sheet submitted by Defendants TriHealth, Inc., and TriHealth G, LLC (collectively, "TriHealth"). (Doc. 132.) After his deposition, Plaintiff Set Shahbabian, M.D., submitted an errata sheet proposing changes to his deposition transcript under Fed. R. Civ. P. 30(e). TriHealth moves to strike the errata sheet in its entirety.

I.

After Plaintiff's depositions, the court reporter sent Plaintiff a letter informing him his deposition had been transcribed. The letter stated that he had 30 days to review the transcript and submit his "signed errata pages and corrections." Plaintiff timely returned the signature page to his deposition and the errata sheet. (Doc. 183-2, Ex. 1, PAGEID 13898.) Plaintiff's errata sheet contains nineteen changes, each one characterized as a "clarification/correction to answer." (Doc. 183-3, Exhibit A-2.) The sheet is copied below:

1

## ERRATA SHEET FOR CORRECTIONS

### Dr. Set Shahbabian

| PAGE | LINE | CORRECTION |
|---|---|---|
| 66 | 18 | Clarification/correction to answer: TriHealth breached my contract by not sending/referring patients to me. The second paragraph of my contract states I was employed to provide medical services to TriHealth patients and to assist TriHealth to serve its patients and mission. It also states that I was employed to provide medical services to TriHealth patients assigned to me. TriHealth did not do that.<br><br>TriHealth breached my contract by not consulting with me relating to my duties and schedule. My contract states that: "In consultation with Physician and consistent with Physician's reasonable desires, company shall determine Physician's specific duties and schedule." TriHealth did not do that.<br><br>TriHealth breached my contract by not assigning duties and schedules related to the duties and desires of other TriHealth physicians. My contract states: "Physician's duties and schedules will be equitably related to the duties and desires of TriHealth's other employed physicians." TriHealth breached this provision by assigning patients to Mayfield without discussing it with me, without considering my desires for scheduling, and by unilaterally requiring me to relinquish my surgical privileges. No other physician at TriHealth that I am aware of was required to do this.<br><br>TriHealth breached my contract by not consulting with me relating to quality improvement initiatives. In Section 2(a) the contract states that I would actively participate in all quality improvement initiatives. But I was not given the opportunity and it was delegated without my knowledge or approval to Mayfield.<br><br>TriHealth breached my contract by not having me facilitate the development and implementation of a general surgery service line at Good Samaritan. My contract states that I was to work cooperatively with TriHealth to facilitate the development and implementation of a general surgery service line improvements at GSH. I was not given the opportunity to perform this goal, and it was delegated to Mayfield.<br><br>TriHealth breached my contract by not providing an annual performance review. And there was never any occasion where there was a discussion for salary modification that might be mutually beneficial for me. |

|  |  |  |
|---|---|---|
|  |  | TriHealth breached Section 5 of my contract by not providing support and call coverage in the form of medical residents. |
|  |  | TriHealth breach Section 6 of my contract – I was not given use of an MRI and technician for up to four hours per week. |
|  |  | TriHealth breach Section 9 of my contract – I don't believe that I was provided benefits relating to RVU calculations under the benefit plans. |
| 157 | 6 | Clarification/correction to answer: I did dispute that I did not do anything wrong with this patient and my explanation is contained in the March 4, 2015 and April 2. 2015 and April 17, 2015 letters which were part of the exhibit. |
| 159 | 20 | Clarification/correction to answer: I do dispute the conclusion reached by Dr. Kerlakian with his letter as shown in my previous correspondence. |
| 241 | 8 | Clarification/correction to answer: At the October 31st meeting, both Dr. Kerlakian, Dr. Collins met with me. A review of the document confirming the conversation on that day, the person identified as the Attendee is Dr. Collins. The "Attendees" is Dr. Kerlakian. In the first page of the document, there is a reference that the Attendee states he spoke with "George". Therefore, the Attendee is Dr. Collins. |
| 244 | 14 | Clarification/correction to answer: The statement was made by Dr. Collins because he is the "Attendee" in this recording. |
| 261 | 14 | Clarification/correction to answer: I do have an objection – see testimony at pages 361 to 376 of my deposition. |
| 263 | 8 | Clarification/correction to answer: I do have an objection – see testimony at pages 361 to 376 of my deposition. |
| 289 | 18 | Clarification/correction to answer: it is illegal because it is a kickback |
| 292 | 8 | Clarification/correction to answer: The Hensler litigation is what I was referring to. |
| 303 | 9 | Clarification/correction to answer: Also Farrington and Ringer |
| 303 | 23 | Clarification/correction to answer: Farrington, McPherson, Ringer and Mayfield physician shareholders. |
| 304 | 4 | Clarification/correction to answer: In addition to statements contained in documents produced by TriHealth and Mayfield, Farrington, McPherson, Ringer engaged in the following actions: (1) Falsely claiming I treated patients below the standard of care; (2) Leveraging call coverage to obtain my surgical practice; (3) engaging in a kickback scheme with TriHealth to transition my practice to Mayfield; (4) Falsely claiming that there was a hospitalist position available after May 2017. |
| 304 | 20 | Clarification/correction to answer: Ringer, Farrington and Mayfield Shareholders |
| 310 | 22 | Clarification/correction to answer: (1) Ringer conspired with TriHealth to remove my surgical privileges under false pretenses; (2) Participated in the kickback scheme |
| 312 | 5 | Clarification/correction to answer: Others who conspired included Collins, Donovan, Tami, Cercek, Clement, Gracey, Robinson and Oliphant |

3

| 315 | 22 | Clarification/correction to answer: Collins conspired with Farrington, McPherson, Ringer and other Mayfield shareholders. He also conspired with Kerlakian, Donovan, Tami, Cercek, Clement and Koselka |
| --- | --- | --- |
| 348 | 6 | Clarification/correction to answer: I gave the exhibit to Mr. Byrne to |
| 348 | 24 | provide a response to discovery requests from TriHealth and Mayfield. |
| 357 | 25 | Clarification/correction to answer: Also included Dr. Kerlakian, Dr. Koselka, Donovan, Cercek and Clement. |
| 359 | 9 | Clarification/correction to answer: At Mayfield, the persons who aided and abetted were McPherson, Ringer and Farrington |

For each change listed in his errata sheet, Plaintiff identifies a deposition transcript page and line number and provides a "clarification/correction" to the answer found at that location in the transcript.

## II.

TriHealth moves to strike Plaintiff's errata sheet, arguing that it violates Fed. R. Civ. P. 30(e) and Sixth Circuit law by contradicting, adding new facts to, and altering the meaning of his deposition testimony. (Doc. 132 at 4 – 18.) Plaintiff disagrees, arguing that the language of Rule 30(e) permits a deponent to make changes "in form or substance." (Doc. 183 at 3 (quoting Rule 30(e)(1)(B).)

Rule 30(e) outlines the process by which a deponent may alter his or her deposition testimony:

On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:

(A) to review the transcript or recording; and

4

>> (B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.

Fed. R. Civ. P. 30(e)(1). Thus, the text of Rule 30(e) requires that an errata sheet contain the deponent's "reasons for making [the changes]." As Rule 30(e) applies to the substance of the changes, furthermore, the Sixth Circuit has applied a strict approach. *E.g., Mullins v. Cyranek*, No. 1:12CV384, 2014 WL 3573498, at *2 (S.D. Ohio July 21, 2014). "Rule 30(e) does not allow one to alter what was said under oath." *Trout v. FirstEnergy Generation Corp.*, 339 F. App'x 560, 565 (6th Cir. 2009) (quoting *Tuttle v. Tyco Elecs. Installation Servs., Inc.*, No. 2:06–cv–581, 2008 WL 343178, at *4 (S.D. Ohio Feb. 7, 2008)). "If that were the case, one could merely answer the questions with no thought at all[ ], then return home and plan artful responses . . . A deposition is not a take home examination." *Id.* (quoting *Tuttle*, 2008 WL 343178, at *4).

Pursuant to *Trout*, this Court and other courts within the Sixth Circuit have "disregarded errata sheets when they attempt to make more significant alternations, even for the purpose of clarifying." *Mullins*, 2014 WL 3573498, at *2 (collecting cases); *Giebel v. Lavalley*, No. 5:12-CV-750, 2013 WL 6903784, at *4 (N.D. Ohio Dec. 31, 2013) (granting motion to strike changes in an errata sheet characterized as "clarifications"); *Horter Inv. Mgmt., LLC v. Cutter*, No. 1:15-CV-00477, 2017 WL 1424327, at *3 (S.D. Ohio Apr. 20, 2017) (following "the significant trend of authority within the Sixth Circuit . . . conform[ing] to the restrictive interpretation of [Rule 30(e)]"). The Sixth Circuit has reemphasized this point as it relates to summary judgment, stating that it is "clear" that a party cannot eliminate a genuine issue of material fact by using an errata sheet to "counteract the effect

5

of previous deposition testimony." *A.C. ex rel. J.C. v. Shelby County Bd. of Educ.*, 711 F.3d 687, 702-03 (6th Cir. 2013).

Plaintiff acknowledges that *Trout* "took a more restrictive approach." (Doc. 183 at 3.) He invites the Court to apply different case law in *Carter v. Ford Motor Co.*, 561 F.3d 562, 568 (6th Cir. 2009) and *Jermano v. Graco Children's Prod., Inc.*, No. 13-CV-10610, 2015 WL 1737548, at *3 (E.D. Mich. Apr. 16, 2015). *Carter* is a reported case, unlike *Trout*. In *Carter*, the plaintiff had testified at deposition that the events supporting her claims had not occurred in 2005. *Carter*, 561 F.3d at 565. She changed gears, however, in her response to the motion for summary judgment, when she argued that her claim *was* based on events in 2005. *Id.* The Sixth Circuit rejected the plaintiff's effort to reframe her case, saying that she had "several options," including an option under Rule 30(e)(1)(B) to make changes to her deposition testimony "in form or substance. She was, after all, under a general duty to supplement or correct discovery responses [under Rule 26(e)]." *Id.* at 568 (citation omitted). The *Jermano* court acknowledged that other courts applied *Trout* strictly, but for its part, in light of *Carter*'s dicta, did not consider the matter resolved. *Jermano*, 2015 WL 1737548, at *2-3.

Plaintiff raises fair points that the plain text of Rule 30(e) seems to permit a deponent to identify changes in "form or substance" and that *Carter* appeared to read that Rule less strictly than did *Trout*. These observations are legitimate, but the Court must overrule them, for two reasons.

First, it's true that Rule 30(e) appears to permit a deponent to identify changes he wishes to make in form or substance to the deposition transcript. The text does not,

6

however, provide that the Court must always accept those changes. This Court retains discretion to determine whether the changes are appropriate. *See EBC, Inc. v. Clark Bldg. Sys., Inc.*, 618 F.3d 253, 268 (3d Cir. 2010).

Second, it's also true that other courts have grappled with how Rule 30(e) applies to errata sheets, and whether the Sixth Circuit has spoken with one voice on the matter. TriHealth points to *Trout*. Plaintiff, to *Carter*. In this instance, the Court finds *Trout* to be the more persuasive. *Trout* is slightly more recent than *Carter*. But more importantly, unlike *Carter*, *Trout* addressed the specific issue at hand—how Rule 30(e) applies to errata sheets. The *Trout* panel directly applied Rule 30(e) to a deponent's corrections to deposition testimony and determined that "Rule 30(e) does not allow one to alter what was said under oath." *Trout*, 339 F. App'x at 565. *Carter*'s reference to Rule 30(e), on the other hand, is pure dicta. The plaintiff had not availed herself of Rule 30(e). The panel referenced Rule 30(e) in a speculative way. It was not addressing the extent to which a deponent would be able to correct deposition testimony under Rule 30(e).

Application of germane precedent requires the Court to strike the errata sheet. First, Plaintiff has not provided reasons for making the changes—something he was required to do under Rule 30(e)(1)(B). So, on its face, his errata sheet fails to comply with Rule 30(e)(1)(B)'s requirement that he supplement his changes to the deposition with reasons for making them. *Jermano*, 2015 WL 1737548, at *3 ("courts in this Circuit have repeatedly stricken errata sheets that do not include a statement of reasons").

Second, contrary to *Trout*'s guidance, the errata sheet attempts to substantively change large swaths of Plaintiff's deposition testimony. Indeed, even the preamble to

7

each change—"clarification/correction to answer"—seems to suggest that Plaintiff views an errata sheet as a sort of commentary or supplement to his deposition transcript. Each of Plaintiff's changes on his errata sheet begins with the characterization "clarification/correction to answer." (Doc. 132, Exhibit A.) None of his changes purport to correct typographical or transcription errors. *Compare McClendon v. Hightowers Petroleum Co.*, No. 1:14-CV-00619, 2016 WL 2859625, at *3 (S.D. Ohio May 16, 2016) (striking substantive changes but permitting alterations to typographical or transcription errors). Instead, all of the changes on the errata sheet are substantive.

Plaintiff's changes range from the merely-clarifying to the entirely-altering. As an example of the clarifying sort, when one of his deposition responses was "I don't know," he used the errata sheet to supplement his answer: "The Hensler litigation is what I was referring to." (Doc. 132, Ex. A.) Such "clarifications" are improper under the Sixth Circuit's reading of Rule 30(e). *See Giebel*, 2013 WL 6903784, at *4 (granting motion to strike changes in an errata sheet characterized as "clarifications"). Some of the changes actually contradict the testimony Plaintiff provided during the deposition. For instance, when asked if he had any reason to dispute the conclusion of another doctor, he testified, "If I don't know—no, I don't dispute." (Doc. 132, Ex. A.) In his errata sheet, he changed his answer to "I do dispute the conclusion reached by Dr. Kerlakian with his letter as shown in my previous correspondence." (*Id.*) This tactic doesn't work for post-deposition affidavits without a persuasive justification, *see Aerel, S.R.L. v. PCC Airfoils, L.L.C.*, 448 F.3d 899, 908 (6th Cir. 2006), and it doesn't work for errata sheets either. *Trout*, 339 F. App'x at 565. As the Sixth Circuit has emphasized, "A deposition is not a take

8

home examination." *Id.*

Upon review of the errata sheet and application of Sixth Circuit precedent, the Court finds that Plaintiff's changes to his deposition testimony in the errata sheet are improper.

### III.

For the foregoing reasons, the Court **GRANTS** TriHealth's Motion to Strike Plaintiff's Deposition Transcript Errata Sheet in its entirety (Doc. 132).

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: *Matthew W. McFarland*
JUDGE MATTHEW W. McFARLAND