IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| SET SHAHBABIAN, M.D., | : | Case No. 1:18-cv-790 |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| TRIHEALTH G LLC, et al. | : | |
| | : | |
| Defendant(s). | : | |
| | : | |

ORDER DENYING MOTION TO FILE DOCUMENTS AND TESTIMONY UNDER SEAL (Doc. 189)

This matter is before the Court on Plaintiff's Motion to File Documents and Testimony Under Seal. (Doc. 189.) Plaintiff Set Shahbabian, M.D., brought this action alleging violation of his rights under federal and state law by Defendants TriHealth, Inc., TriHealth G, LLC, and Mayfield Clinic, Inc. This Court has permitted certain material related to this case to be filed under seal, after the parties and the Court performed the required analysis under *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299 (6th Cir. 2016). (*See* Doc. 161.) Shahbabian now seeks to file additional testimony, exhibits, and records under seal. (Doc. 189.)

*Shane Group*'s sealing analysis applies dual burdens. The first burden is on the proponent of sealing any part of the court record. That party has the heavy burden of overcoming the presumption of public access by showing that (1) a compelling interest warrants sealing the records; (2) the interest in sealing outweighs the public's interest in

1

accessing the records; and (3) the request is narrowly tailored. *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019) (citing *Shane Group*, 825 F.3d at 305). The proponent of sealing must analyze in detail the need for secrecy and provide a reason each document should be filed under seal. *Shane Group*, 825 F.3d at 305-06.

The second burden is on the Court. The Court must also lay out its findings and conclusions that justify sealing court records from public disclosure. Specifically, the court ordering records to be sealed must say "why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary." *Id.* at 306. Therefore, even for an unopposed motion (like this one), this Court has an independent duty to ensure that the court records in question are appropriate for sealing. *Id.* ("a court's obligation to explain the basis for sealing court records is independent of whether anyone objects to it").

The material Shahbabian seeks to seal breaks down into two categories. First, he proposes to file under seal certain exhibits to four depositions, including some testimony from one of those depositions. (Doc. 189 at 2-3.) Second, he proposes to file under seal peer review records of two medical doctors. (*Id.* at 3-4.) According to Shahbabian, these items contain information about medical treatment and details of patients.

Instead of performing the required analysis, Shahbabian requests that, "based upon the Court's prior ruling (Doc. 161)," the Court permit him to file certain documents under seal. (Doc. 189.) But this argument does not permit this Court to perform its own required analysis. The fact that the Court permitted certain documents to be filed under seal in the past does not mean that the different documents referenced in Shahbabian's

2

motion also constitute sealable information. The only thing the Court knows about the items in question is that Shahbabian represents that they "contain exhibits or testimony regarding medical treatment and details of patients treated by Plaintiff." (Doc. 189 at 2.) Even if that is so, however, Shahbabian has performed no review of the individual materials. Therefore, the Court is unable to determine whether the seal is narrowly tailored or broader than necessary.

Nevertheless, the Court recognizes that some, and perhaps all, of the information Shahbabian proposes to file under seal may be appropriate for sealing, particularly the peer review records. As for the present motion, however, the Court **DENIES** Shahbabian's Motion to File Testimony and Documents Under Seal (Doc. 189).

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT  
SOUTHERN DISTRICT OF OHIO  

By: _____  
JUDGE MATTHEW W. McFARLAND

3