**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI**

| | | |
|---|---|---|
| SET SHAHBABIAN, M.D., | : | Case No. 1:18-cv-790 |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| TRIHEALTH G LLC, et al., | : | |
| | : | |
| Defendants. | : | |

---

### ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (Doc. 209)

---

This matter is before the Court on Plaintiff's motion for reconsideration under Fed. R. Civ. P. 54(b). (Doc. 209.)

A federal district court has authority under common law and Rule 54(b) to reconsider interlocutory orders and reopen any part of a case before it enters final judgment. *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 F. App'x 949, 959–60 (6th Cir. 2004). Such authority permits the court to provide relief from an interlocutory order, if justice so requires. *Id.* Generally, a court will reconsider an interlocutory order when (1) there is an intervening change of controlling law, (2) new evidence is available, or (3) there is a need to correct a clear error or prevent manifest injustice. *Id.*

Plaintiff suggests that the Court committed a manifest injustice by denying him leave to introduce Timothy Murphy's declaration into the record. (Doc. 209 at 2.) "Manifest injustice" means an error committed by the trial court that is "direct, obvious, and observable." *Tennessee Prot. & Advoc., Inc. v. Wells*, 371 F.3d 342, 348 (6th Cir. 2004).

1

He notes that the Court denied his earlier motion because the declaration was not probative to the issues for which it would be used, because he delayed in discovery, and because Defendants were generally responsive to discovery. These bases, he says, are direct, obvious, and observable errors. So, to prevent a manifest injustice, he requests that the Court reconsider its prior order denying him leave to introduce the Murphy declaration into the record. (Doc. 209 at 3.)

To that end, Plaintiff offers several arguments. First, the declaration is probative, not just to the contractual and quasi-contractual claims, but to the discrimination claims too. Second, the Court clearly erred in finding that evidence already in the record contradicted Murphy's averment that Plaintiff was the "one exception" to the supposed policy of forgiving overpayments. Third, he was not dilatory in seeking discovery. Fourth, the late filing of the declaration would not unduly prejudice Defendants.

The Court is unpersuaded. Here, even if it were true that the declaration was probative to the discrimination claims, it remains the case that the discovery period was lengthy, Plaintiff knew of Murphy as early as March 2019 (*see* Doc. 207), and, specifically, knew that Murphy was involved with recouping or clawing back amounts Plaintiff had been overpaid as early as October 2019. (*E.g.*, Koch Dep. at 96-98, Pg. ID 10571-73.) His counsel's questions during the Koch deposition demonstrate that he had detailed knowledge about Murphy's role in calling back salary which Plaintiff had allegedly been overpaid. (*Id.*) And yet, he did not notify the Court of a possible declaration from Murphy until a November 2020 email—over a year after the Koch deposition and several months after dispositive motions were fully briefed. For this reason, there is no merit to

2

Plaintiff's argument that the Court committed an obvious error in finding that he was dilatory. *See Lee v. Metro. Gov't of Nashville & Davidson Cty.*, 432 F. App'x 435, 443-44 (6th Cir. 2011).

Nor has Plaintiff revealed any obvious error in the Court's finding that filing the declaration out of time would prejudice Defendants. The motions for summary judgment were ripe in April 2020. To reopen discovery and permit a new declaration, when dispositive motions are ripe, would leave Defendants unable to respond to the new evidence. *See Williams v. AK Steel Dearborn Works*, No. 17-cv-11394, 2019 WL 117333, at *2 (E.D. Mich. Jan. 7, 2019). So there is no manifest injustice in the prejudice finding either.

As for the notion that it was clear error to find that Plaintiff was not the "one exception" to the supposed policy of forgiving overpayments, Plaintiff had the opportunity in the motion-for-leave briefing to detail why none of the other instances of clawbacks had no bearing here—for instance, why the $3,791.00 and $1,196.18 recoupments were irrelevant to this case. He cannot now argue that any error in that issue was direct, obvious, and observable. *See United States v. Canal Barge Co.*, No. CRIM A 407CR-12-JHM, 2009 WL 541267, at *2 (W.D. Ky. Mar. 4, 2009).

For the foregoing reasons, the Court **DENIES** Plaintiff's motion for reconsideration (Doc. 209).

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND